ELECTRONIC

July 14, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

09-147

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WOODY FRIESE,

      Plaintiff,

vs.

DOWNTOWN CINEMAS, INC.,
a Florida Corporation, d/b/a SUNRISE
CINEMAS LAS OLAS RIVERFRONT,
and NMD MANAGEMENT, INC., a
Florida Corporation,

      Defendants.
_____/

CASE NO.:

**09-61039-Civ-COOKE/BANDSTRA**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WOODY FRIESE, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues DOWNTOWN CINEMAS, INC., a Florida Corporation, d/b/a SUNRISE CINEMAS LAS OLAS RIVERFRONT, and NMD MANAGEMENT, INC., a Florida Corporation, (hereinafter, collectively, the "Defendants") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICAN WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the American With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida in that all events giving rise to this lawsuit occurred in Broward County, Florida.

3. At the time of Plaintiff's visits to SUNRISE CINEMAS LAS OLAS RIVERFRONT, located at 300 SW 1st Avenue, Fort Lauderdale, Florida 33301 (hereinafter referred to as "SUNRISE CINEMAS"), prior to instituting the instant action, WOODY FRIESE (hereinafter referred to as "Plaintiff") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans with Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited SUNRISE CINEMAS but was denied full and equal access to, and full and equal enjoyment of, the facilities within SUNRISE CINEMAS which is the subject of this lawsuit.

4. Defendants, are authorized to conduct, and are conducting business within the State of Florida. Upon information and belief, Defendants, are the lessees and/or operators of SUNRISE CINEMAS which also maintain and control SUNRISE CINEMAS.

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as SUNRISE CINEMAS is located in Broward County.

## COUNT I- VIOLATION OF AMERICAN WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. The effective date of Title III of the ADA, Public Accommodations and Services Operated by Private Entities, was January 26, 1992. 41 U.S.C. §12181.

7. Congress found, among other things, that:

2

(i) although physical disabilities do not diminish a person's right to fully participate in all aspects of society, historical discrimination has prevented the exercise of that right to participate;

(ii) discrimination against persons with disabilities is a pervasive and serious social ill;

(iii) discrimination persists in areas including public accommodations;

(iv) forms of discrimination against persons with disabilities include outright exclusion and relegation to lesser services or programs;

(v) the goals of the Nation for persons with disabilities are to assure equal opportunity and full participation, among others.

(vi) this unfair and unnecessary discrimination and prejudice denies persons with disabilities the opportunity to engage in the activities upon which our American society is justifiably famous.

42 U.S.C. §12101(a) (1)-(3), (5), (7) and (8).

8. Congress explicitly set forth the purposes of the ADA including:

(i) to provide a clear national mandate for the elimination of discrimination against persons with disabilities;

(ii) to provide clear, strong, consistent, enforceable standards to address discrimination against persons with disabilities;

(iii) to invoke congressional authority to address day-to-day discrimination faced by persons with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

3

9. Pursuant to 42 U.S.C. §12181(7)(C), SUNRISE CINEMAS, is a public accommodation subject to the ADA in that it is a motion picture house and/or theater which is a place of exhibition entertainment and in which the operation of SUNRISE CINEMAS affects commerce.

10. Defendants have discriminated, on multiple occasions, against the Plaintiff by denying him full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at SUNRISE CINEMAS in derogation of 42 U.S.C §12101 et. seq. and as specifically prohibited by 42 U.S.C. §12182 et. seq., by denying Plaintiff the opportunity to equally participate in programs offered in violation of 42 U.S.C. §12182(b)(1)(c); by failing to make reasonable modifications to policies, practices, or procedures to afford Plaintiff with goods, services, facilities, privileges advantages and/or accommodations in violation of 42 U.S.C. §12182(b)(2)(a)(ii); and by failing to take steps to ensure Plaintiff was not excluded, denied services, segregated, or otherwise treated differently than any other individuals because of the absence of auxiliary aids and services in violation of 42 U.S.C. §12182(b)(2)(a)(iii).

11. Plaintiff has been unable to enjoy full and equal participation in programs due to the failure of Defendants to make reasonable modifications to policies, practices and/or procedures and due to the Defendants failure to take steps to ensure Plaintiff's equal participation and enjoyment, Plaintiff was denied services, segregated and was treated differently than other individuals due to the absence of auxiliary aids and services. Prior to the filing of this lawsuit, and on multiple occasions, Plaintiff, personally visited SUNRISE CINEMAS with the intention of using the facilities to equally participate and enjoy the services offered, but was denied such

due to Defendants failures to provide reasonable modifications and by the failure to take steps to avoid a denial of services.

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter, "ADAAG"), 28 C.F.R. Part 36, under which the Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for any subsequent violation.

13. The Defendants' Subject Facility is in violation of 42 §12181 et. seq., the ADA and 28 C.F.R. 36.302 et. seq., and has discriminated against Plaintiff as a result of *inter alia*, the following specific violations:

(i) During a screening of the motion picture, "Fast and Furious," in a stadium styled theater, Plaintiff was denied access to the use of a wheelchair lift device to facilitate the equal opportunity to enjoy participation in the motion picture being offered due to the failure to make reasonable modification to policies, practices and/or procedures and was denied services, segregated and was treated differently than other individuals due to the absence of auxiliary aids and services. Though Defendants did have a wheelchair lift to facilitate the equal enjoyment of services offered, employees were unable or refused to make accommodations to facilitate the use of the wheelchair lift. Plaintiff was told the wheelchair lift was not functioning. As a result, Plaintiff was forced to remain in the rear of the motion picture theater and was denied the full and equal enjoyment of the motion picture.

5

(ii) During a screening of the motion picture, "Night at the Museum," on May 24, 2009, in a stadium styled theater, Plaintiff was denied access to the use of a wheelchair lift device to facilitate the equal opportunity to enjoy participation in the motion picture being offered due to the failure to make reasonable modification to policies, practices and/or procedures and was denied services, segregated and was treated differently than other individuals due to the absence of auxiliary aids and services. Though Defendants did have a wheelchair lift to facilitate the equal enjoyment of services offered employees were unable or refused to make accommodations to facilitate the use of the wheelchair lift. Plaintiff was initially told the wheelchair lift was not functioning. An employee then conceded that though the wheelchair lift was functioning, a special key was required and a manager was needed. Although the employee indicated a manager had been contacted, none appeared to operate the wheelchair lift. As a result, Plaintiff was forced to remain in the rear of the motion picture theater and was denied the full and equal enjoyment of the motion picture. At the conclusion of the motion picture, a manager was contacted who claimed that no call was ever made.

(iii) During a screening of the motion picture, "The Hangover," on June 10, 2009, in a stadium styled theater, Plaintiff was denied access to the use of a wheelchair lift device to facilitate the equal opportunity to enjoy participation in the motion picture being offered due to the failure to make reasonable modification to policies, practices and/or procedures and was denied services, segregated and was treated differently than other individuals due to the absence of auxiliary aids and services. Though Defendants did have a wheelchair lift to facilitate the equal enjoyment of services offered, employees refused to make accommodations to facilitate the use of the wheelchair lift. Plaintiff was

initially told that no employee was available to operate the lift. Once an employee was located, no key was available to operate the wheelchair lift. As a result, Plaintiff was forced to remain in the rear of the motion picture theater and was denied the full and equal enjoyment of the motion picture.

14. Defendants' need to make reasonable modifications in policies, practices, or procedures would in no way fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered.

15. Defendants' need to take steps to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services would in no way fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants, pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's requested relief; including an order to make such modifications to Subject Facility's operation as to make them readily useable and accessible to individuals with disabilities to the extent as required by the ADA, and closing Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff hereby demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. The Court declare that the SUNRISE CINEMAS owned, operated, leased, maintained, controlled and/or administered by Defendants is violative of the ADA;

B. The Court enter an Order requiring Defendants to make reasonable modifications to policies, practices, or procedures to the full extent required by Title III of the ADA;

C. The Court enter an Order requiring Defendants to take steps to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services to the full extent required by Title III of the ADA;

D. The Court award reasonable attorney's fees, all costs including, but not limited to, court costs and expert fees and other expenses of suit to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, through undersigned counsel, demands a trial by jury on all issues so triable as a matter of right.

Dated this 14th day of July, 2009.

                                        COLODNY, FASS, TALENFELD,
KARLINSKY & ABATE, P.A.
Counsel for Plaintiff
One Financial Plaza, 23rd Floor
100 S.E. Third Ave.
Fort Lauderdale, Florida 33394
Telephones:   (954) 492-4010 (Broward)
                 (305) 893-2224 (Dade)
                 (954) 492-1144 (Facsimile)

By: _____
     JOEL S. FASS
     Florida Bar No. 213233
     Jfass@cftlaw.com
     MICHAEL I. ROTHSCHILD
     Florida Bar No. 0317410
     Mrothschild@cftlaw.com

9

**09-61039-Civ-COOKE/BANDSTRA**

# CIVIL COVER SHEET

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

*Filed July 14, 2009 — STEVEN M. LARIMORE, CLERK U.S. DIST. CT., S.D. OF FLA. - MIAMI — ELECTRONIC*

### I. (a) PLAINTIFFS
Woody Friese

### DEFENDANTS
Downtown Cinemas, Inc. d/b/a Sunrise Cinemas Riverfront and NMD Management, Inc.

**(b)** County of Residence of First Listed Plaintiff: Broward County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Broward County, Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joel S. Fass, Esq.
Colodny, Fass, Talendfeld, Karlinsky, Abate,
One Financial Plaza, 23rd Flr, 100 SE 3rd Ave, Ft. Laud, FL 33394

Attorneys (If Known): 09cv61039-MGC/TEB

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE / HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☑ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☑ NO

JUDGE                                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

LENGTH OF TRIAL via 2-3 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Declaratory Relief    CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: *[signed]*    DATE 7/10/09

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 546836